UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BRANDON MOSSMAN ) | Criminal No. 2:17-cr-9 |

DEFENDANT'S SENTENCING MEMORANDUM AND
<u>MOTION FOR A VARIANCE</u>

NOW COMES the Defendant, Brandon Mossman, by and through undersigned counsel, and hereby submits the following points and authorities regarding his upcoming sentencing in this matter.   Mr. Mossman has struggled with opiate dependency for many years; but until the filing of the current charges, he had not faced a federal court in relation to this addiction.   His response has been nothing short of extraordinary.   Following his April 10, 2017, discharge from Valley Vista, he has remained sober.   Even when his counselors told him that he did not need to continue with follow-up counseling, Mr. Mossman insisted that he remain under the vigilant eyes of the program to help ensure that he will not be swayed by temptation again.   All the while, Mr. Mossman has focused on his work in an effort to contribute to society.   Indeed, in the ten long months since this Court's admonition that Mr. Mossman govern himself in an exemplary manner between his change of plea and his sentencing, he has done nothing but excel.   Based on this achievement, and based on the fact that he has spent some time in jail in relation to this case, he asks that the Court sentence him to credit for time served, along with three years of supervised release.

**Background**:

Brandon Mossman is a native Vermonter who - with the exception of several winters spent in St. Thomas, V.I. and eight months in Massachusetts - has lived his entire life in this state.  Pre-Sentence Report ("PSR") at ¶¶ 57-58, 60.  Had it not been for the introduction of drugs into his life, he was well situated to succeed.  He has a strong family support system in his parents; his father is a successful local property owner and his mother is a professor at the University of Vermont.  PSR at ¶¶ 57, 61.  His upbringing was free from trauma and abuse, he did well in high school, and he participated in local sports.  PSR at ¶¶ 59, 62.  After graduating from Rice High School, he attended Bentley College for one semester and then went on to complete his college education at the University of Vermont, earning a bachelor's degree in political science and economics.  PSR at ¶ 81.  Following college, Mr. Mossman worked for his father doing maintenance and construction work on his father's various properties.  PSR at ¶ 61.  Indeed, his circumstances looked promising.

Unfortunately for Mr. Mossman, addictive drugs do not care about your upbringing or your family circumstances.  Mr. Mossman first began using alcohol and marijuana when he was just thirteen years old.  PSR at ¶ 70.  His marijuana use developed into a daily habit until he progressed to other drugs eight years later.  PSR at ¶ 70.  His alcohol use also continued, and served as a gateway to relapse during his various periods of sobriety (discussed, *infra*).  PSR at ¶ 70.  Mr. Mossman graduated to cocaine use in his high school and college years.  PSR at ¶ 72.  At the end of college, he began regularly using opiates to the point where it became a daily habit.  PSR at ¶ 74.  Prescription opiate use devolved into heroin use in 2012, three years after he graduated.  PSR at ¶ 74.  At his worst, Mr.

Mossman was shooting up forty-eight bags per day – six doses at eight bags per dose.  PSR at ¶ 74.  This addiction also led him to steal from his family in his need to sustain his extremely costly habit.  PSR at ¶ 75.

As a result of this serious addiction, Mr. Mossman has been in and out of rehabilitation repeatedly.  PSR at ¶ 69.  He attended the Brattleboro Retreat ten times between December 2009 (*i.e*., months after he graduated college) and February 2017 (*i.e*., weeks before his change of plea in the current matter.)  PSR at ¶ 69.  He also received treatment in drug programs in Florida, Massachusetts, and New Hampshire; and here in Vermont, he has been admitted to the Valley Vista, Serenity House, and Maple Leaf residential drug programs.  PSR ¶¶ 69, 78.  He has also participated in Intensive Outpatient Treatment ("IOP") programs like the Howard Center.  Until recently, these efforts only resulted in brief periods of sobriety, and Mr. Mossman reverted to his self-destructive ways – including two accidental overdoses and hospitalization.  PSR at ¶ 77.

It is in light of these previous failures that Mr. Mossman's current period of extended sobriety is so impressive.  Indeed, in the nine months since Mr. Mossman was released pursuant to this Court's order, he has completed the Valley Vista program (where he also received Vivitrol shots), attended a new IOP that has worked well for him, enrolled in the "Moral Reconation Therapy Program" ("MTP"), and attended outside AA meetings, where he currently has a sponsor.  As a result of these extensive efforts, he has stopped using drugs - an accomplishment confirmed by the fact that he has passed weekly drug-screen tests ever since.[1]  This process has been extremely difficult, but the filing of federal charges

---

[1] He has also adhered to all of his other conditions of release.  PSR at ¶ 7.

has apparently been a sufficient impetus for Mr. Mossman to prioritize his life and set himself straight.  He continues to focus on his work, on staying away from situations that formerly allowed him to feel tempted, and on avoiding drug use.  PSR at ¶ 84.  He recognizes that drug addiction is not something that can be cured – it is always there, and it is up to him to keep it under control.  But for nine long months, with a great degree of support and hard work, he has succeeded; and he has given every reason to believe that he will continue in that success.

**Guidelines Calculation:**

Mr. Mossman does not object to the weight calculation and the resulting base level offense of 20.  PSR at ¶ 34.  He also does not object to the criminal history category calculation of Level III.  PSR at ¶ 52.[2]  He does, however, ask that the Court make a horizontal adjustment because Category III overstates the seriousness of his criminal history.  *See* U.S.S.G. § 4A1.3(b)(1) ("If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted").  Specifically, Mr. Mossman has never been sentenced to a period of imprisonment prior to this charge.  PSR ¶¶ 47-50.  Rather, he has received sentences of probation or pre-approved furlough.  However, due to his criminal history category, his suggested range is 30-37 months of imprisonment.  Such a jump from no prison to multiple

---

2 Mr. Mossman resolved the State of Vermont matter listed in ¶ 54 of the PSR.  This case closed to a single misdemeanor count of simple assault and Mr. Mossman was sentenced to a term of probation with community service hours.  The addition of one point for this misdemeanor brings Mr. Mossman's criminal history point total to six, which means he is still a Category III.

4

years of prison overstates the serious of Mr. Mossman's past, and so he asks the Court to make a horizontal departure to either Category I or II.

**Extraordinary Rehabilitation**

In 1995, the Second Circuit Court of Appeals confirmed that extraordinary rehabilitation from drug addiction may be grounds for a downward departure from the (now advisory) sentencing guidelines. *United States v. Maier*, 975 F.2d 944, 945 (2d. Cir. 1992). In *Maier*, the defendant pled guilty to one count of distribution of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C). *Id*. The district court continued her sentencing for a total of fifteen months in order to allow her to enter a drug rehabilitation program, including a methadone clinic. *Id*. The defendant's efforts towards rehabilitation took an "uneven course," including more than half a dozen positive drug tests. *Id*. However, a therapist who testified on her behalf explained that such lapses were not surprising:

> [S]uch occurrences are the rule during recovery rather than the exception, and should not be cause for undue alarm. Narcotics addiction is a chronic form of pathology and recovery actually represents an attempt to militate against one's life history and psychological development. Recovery is experienced as an unending feeling of stress, an unnatural refusal to go along with the demands of the body and mind. That the recovering addict might momentarily be unable to exert their nascent "good self" is not only easy to appreciate but equally witness to the initial fragility of the process.

*Id*. The therapist concluded that despite these relapses, the defendant "genuinely desired to rehabilitate herself." *Id*.

In ruling that a downward departure was permitted under these circumstances, the Second Circuit rejected the concept held by several circuits that the sentencing guidelines already considered drug addiction rehabilitation. *Id*. at 947-48. In particular, the *Maier*

5

Court noted that U.S.S.G. § 5H1.4, which states that a court may not consider drug dependence as a factor, does not also prohibit consideration of drug rehabilitation: "though drug dependence is not a reason for departure, the related awareness of one's circumstances, and the demonstrated willingness to act to achieve rehabilitation, thereby benefiting the individual and society, is such a reason." *Id*. at 948.

The *Maier* Court also noted that a defendant must demonstrate a faithful endeavor to rehabilitation; and to this end, the mere act of entering a rehabilitation program cannot serve as an "automatic ground" for obtaining a downward departure. *Id*. Rather, the district court in that case was justified in making the downward departure based on its analysis of several factors, including the indications of the defendant's efforts to rehabilitate herself, the therapist's assessment of her progress, and the hazards of interrupting that progress. *Id.* at 948-49. *See also United States v. Williams*, 65 F.3d 301 (2d. Cir. 1995).

In the current case, Mr. Mossman had an exceptional drug addiction that he attempted to address on multiple occasions without success. (Discussed, *supra*, at 2-4). For the first time in many years, it appears that Mr. Mossman has finally taken his sobriety seriously and has found a way to keep it under control. Indeed, he was released from Valley Vista eight months ago. Since then, he has agreed to multiple continuances of the current sentencing. In the past, such long periods of idleness would have inevitably led to relapse. However, this time, he has not succumbed to temptation. Indeed, especially with the help of the MRT program and AA meetings, he continues to receive help in his efforts to prevent drug use from ever catching hold again in his life. Mr. Mossman seeks only to work and to make his family proud. Until recently, it has been a tremendous challenge; but

after his previous track record, he has finally accomplished a level of sobriety some thought would never occur. Because this accomplishment is clearly extraordinary, it stands as grounds for a downward departure to credit for time served.

**18 U.S.C. §3553(a) Factors**

Under 18 U.S.C. § 3553, the Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes outlined in subparagraph (a) of this section. In determining the particular sentence to impose, the Court is to consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

Mr. Mossman acknowledges that the nature of the offense is serious. Indeed, Vermont has long struggled with the opiate crisis and its effects on its citizens. However, Mr. Mossman's history and characteristics nonetheless support a sentence of credit for time served. Most importantly, he has finally been able to reign in his drug addiction. Without this addiction, he would almost certainly have had no contacts with the criminal justice system. He knows he needs to continue to monitor and to control his urges – a lifelong project – but his accomplishment to date and his current scared-straight attitude give reason to believe that he can and will succeed in this effort. In addition, despite his addiction, he has been a hard worker throughout his life and he has a strong family support system that has pledged to continue to help him in his efforts. He also has aspirations, such as earning a

Master's Degree.  Looking forward, Mr. Mossman's characteristics provide more than adequate reason for this Court to grant a variance in this case.

2.  The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law and impose a just punishment; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training and effective medical treatment.  18 U.S.C. § 3553(a)(2).

Prior to his current success addressing his drug problems, Mr. Mossman spent some time in jail relating to this case, and this experience will affect him the rest of his life. Therefore, even though the crime he is charged with is serious, there is no need to add jail time at this point for the sentence to be sufficient, but no greater than necessary, to address the goals of sentencing.  This sentence is also adequate for the purpose of addressing the concept of general deterrence since Mr. Mossman did spend some time in jail for his activity, and his own experience in jail is clearly an adequate specific deterrence.  Most importantly, by remaining in the community, he can continue to work and to treat his addiction, all with the ultimate goal of removing himself forever from the criminal justice system.  Accordingly, a variance from the guidelines to credit for time served is warranted here.

**CONCLUSION:**

Based on the reasons raised in this memorandum, it is requested that the Court impose a sentence of credit for time served followed by three years of supervised release in this matter.

DATED at Burlington, Vermont, this 13th day of December, 2017.

    /s/ Robert L. Sussman
Robert L. Sussman
Attorney for Brandon Mossman

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:17-cr-9 |
| | ) | |
| BRANDON MOSSMAN | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2017, I electronically filed with the Clerk of Court the following document:

DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR A VARIANCE

using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

    Jon Ophardt, AUSA
    Megan Thrall, USPO

    ____/s/ Robert Sussman____
    Robert L. Sussman
    Behrens, Venman & Sussman, PLLC
    One Lawson Lane Suite 140
    Burlington, VT 05401
    rls@bwvlawvt.com